UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CHOSEN FIGURE LLC,

                Plaintiff,

-against-                                    20-cv-4831 (LAK)

SMILEY MILEY, INC., et al.,

                Defendants.
------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Plaintiff's attorney, Richard Liebowitz, has become quite well known for his failures to comply with court rules and orders, for having been sanctioned, and in a couple of cases for having lied to judges. *Usherson v. Bandshell Artist Mgmt.*, No. 19-cv-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020), collects a number of these cases.[1]

      On July 29, 2020, in the wake of the *Usherson*, *Ward*, and *Rice* decisions, Mr. Liebowitz wrote to the Court in this case saying that the parties had agreed in principle to a settlement and requesting a 30-day order. The Court, concerned in light of Mr. Liebowitz's history as to whether he in fact had been retained by the plaintiff and authorized to sue and to settle, entered an order stating, in relevant part, the following:

> "On or before August 6, 2020, Mr. Liebowitz shall file (1) a personal affidavit or declaration **(a) stating whether and when the plaintiff in this case specifically authorized him to (i) file this action and (ii) settle it, and (b) attaching any**

---

[1] *See also, e.g., Mondragon v. Nosdrak LLC*, No. 19-cv-01437 (CMA) (2020 WL 2395641 (D. Colo. May 11, 2020); *Ward v. Consequence Holdings, Inc.*, No. 18-cv-1734 (NJR), 2020 WL 2219070 (S.D. Ill. May 7, 2020); *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) ("In his relatively short career litigating in this District, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders. Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone."); *'Copyright Troll' Lawyer Sanctioned for Lying Under Oath*, 27 No. 07 Westlaw Journal Intellectual Property 09 (July 15, 2020).

**retainer agreement or other documentary evidence as to the foregoing,** as well as (2) a personal affidavit or declaration of the plaintiff **(a) stating whether and when the plaintiff in this case specifically authorized Mr. Liebowitz to (i) file this action and (ii) settle it, and (b) attaching any documentary evidence as to the foregoing. Failure to comply in all respects may result in the imposition of sanctions."**

On August 6, 2020, Mr. Liebowitz submitted two declarations, one signed by him and the other by Josiah Kamau.

The Liebowitz declaration asserts that "[o]n February 28, 2019, Plaintiff, via its principal Josiah Kamau, signed a retainer agreement with Liebowitz Law Firm, PLLC, ('LLF') in which Plaintiff authorized LLF to file copyright infringement lawsuits on his behalf." It goes on to state that Mr. Liebowitz filed *this action* on June 23, 2020 (almost 16 months after the alleged date of the retainer agreement), that he notified plaintiff on June 23, 2020 that he had brought this action, and that Mr. Liebowitz had plaintiff's authority to settle the case. It attaches what Mr. Liebowitz claims are copies of the signature page of the retainer agreement and an email to Mr. Kamau notifying Kamau that he had brought this action in the name of an entity.

Several points are notable about this declaration. First, Mr. Liebowitz did not comply with the Court's direction to submit the retainer agreement. The purported signature page reveals nothing whatsoever about the alleged retainer agreement, and Mr. Liebowitz did not submit any documentary evidence as to anything beyond this page and the notification email. Second, Mr. Liebowitz claims that plaintiff (Chosen Figure, LLC) authorized him to file this action, but the purported signature page of the retainer agreement that he submitted was executed on behalf of Mr. Kamau personally and not on behalf of any corporate or other entity. Third, the purported retainer agreement was signed on February 28, 2019. This is nearly a year before the alleged infringement in this case took place, which the complaint makes clear was February 12, 2020. Whatever the terms of the agreement may be – the Court does not know because Mr. Liebowitz failed to submit it, despite a clear order requiring him to do so under threat of sanctions – the agreement cannot possibly serve as evidence that "the plaintiff in this case specifically authorized him to (i) file this action and (ii) settle it."

The Kamau declaration avers that, "[o]n February 28, 2019, [Kamau] personally signed a retainer agreement with Liebowitz Law Firm, PLLC ('LLF') in which [he] authorized LLF to file copyright infringement lawsuits on [his] behalf."; that Mr. Liebowitz "had [his] authority to file the present copyright infringement lawsuit as of March 17, 2020"; that Mr. Liebowitz notified him of the filing of this action on June 23, 2020 by email; and that Mr. Liebowitz had authority to settle the case. The declaration contains two exhibits, which are the same signature page and notification email attached to Mr. Liebowitz's declaration. It does not include any evidence supporting Kamau's claim that he gave Mr. Liebowitz permission to file this lawsuit on March 17, 2020 or to settle it at a later time.

This declaration raises additional questions. Mr. Liebowitz claims that he had authority to bring this action by virtue of the purported February 28, 2019 retainer agreement. Mr.

Kamau, however, declares that Mr. Liebowitz "had authority to file the present . . . lawsuit as of March 17, 2020," thus implying that the retainer agreement of February 28, 2019 did not authorize the filing of this action. And Mr. Kamau, like Mr. Liebowitz, has submitted no documentation apart from the purported signature page and the June 23, 2020 email.

This Court's order of July 30 required – and still requires – production of the full retainer agreement or agreements and all documentary evidence with respect to Mr. Liebowitz's authority to bring and settle this case. That includes all emails, letters, notes and other writings or electronically stored information bearing on the retention, the scope of the engagement (including as it may have changed from time to time), and the settlement.

All of this material shall be filed by Messrs. Liebowitz and Kamau no later than August 18, 2020.

SO ORDERED.

Dated:     August 11, 2020

_____
Lewis A. Kaplan
United States District Judge