**Liebowitz Law Firm, PLLC**
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580-6111
516-233-1660

**RETAINER AGREEMENT**

Thank you for retaining Liebowitz Law Firm, PLLC ("LLF" or "the Firm") to represent you ("You" or "Client"). Part 1215 of the Joint Rules of the Appellate Divisions of the Supreme Court of the State of New York requires most retainer agreements to be in writing, and as discussed, this letter sets out the terms of the retainer agreement between You and the Firm.

1. SCOPE OF ATTORNEY SERVICES: You have requested that LLF provide legal services to You in connection with the investigation, enforcement, or prosecution of your copyright infringement claims (the "Services"). You authorize LLF to take any steps, which, in their sole discretion, are necessary or appropriate to protect your interest in your claims. LLF will represent You to the best of its ability, consistent with professional standards of competence and integrity. You will be notified prior to any actions taken on your behalf. LLF has not made any warranties or given any guaranty regarding the ultimate success or outcome of the Services. LLF shall keep You informed of the status of your matter, and agree to explain the laws pertinent to your situation, the available course(s) of action, and the attendant risks.  Aside from the Contingency Fee (described below in paragraph 2), You will not be billed for the preparation and/or litigation of Your case.

2. CONTINGENCY FEE:

If the Firm is successful in obtaining money on your behalf, You agree to pay the Firm **fifty percent (50%) of any such amount recovered, whether recovered by lawsuit, settlement, or otherwise** (the "Contingency Fee"). Such percentage shall be computed on the net sum recovered after deducting from the amount recovered fees, expenses, and disbursements properly chargeable to the enforcement of the claim or prosecution of the action (such as court filing fees, deposition transcript fees, expert fees, U.S. Copyright Registration fees, postage fees, photocopies, etc.). In computing the Contingency Fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. In the event there is no recovery, there is no attorney's fee.

The Copyright Act includes a provision in which attorney's fees may be awarded to prevailing plaintiffs. However, such an award is within the discretion of the court and not guaranteed. In the event that the Firm recovers attorney's fees for You or You are awarded attorney's fees, the

attorney's fees recovered shall be applied against the amount the Firm would be entitled to under this agreement. If any attorney's fees award exceeds the amount of the Contingency Fee, whether agreed upon through settlement, awarded by judgment or otherwise, the Firm shall be entitled to the full attorney's fee award.

If the cause of action is settled by You without the consent of the Firm, You agree to pay the Firm the above percentage of the full amount of the settlement for the benefit of You, to whomever paid or whatever called. The Firm shall have, in the alternative, the option of seeking compensation on a *quantum meruit* basis to be determined by the court. In such circumstances, the court would determine the fair value of the Services provided. In addition, the Firm shall be entitled to the Firm's taxable costs and disbursements. In the event You are represented on appeal by another attorney, the Firm shall have the option of seeking compensation on a *quantum meruit* basis to be determined by the court.

In pursuing a *quantum meruit* claim for legal services, LLF will rely on its records of the time it spends working on the Services, including telephone conferences, correspondence, legal research, and the preparation and revision of correspondence or other legal documents, and court conferences. Richard P. Liebowitz, Esq.'s hourly rate is $400 per hour.  The Firm also employs associate attorneys with an hourly rate of $350 per hour.

If, after filing Your case, we cannot continue to prosecute the matter and are forced to dismiss it due to Your misrepresentation, omission or a failure to fulfill Your responsibilities as described in Section 3. "CLIENT RIGHTS AND RESPONSIBILITIES" and other sections of this Agreement, then You will be responsible for the filing costs associated with the case.   The filing costs include the complaint filing fee ($400) and, if applicable, a service of process fee (approximately $65).   You will also be responsible for the copyright registration fees associated with the case (ranging from $35 to $55 per application to the U.S. Copyright Office).  You will not be charged for the Firm's time in preparing and litigating Your case.

3. CLIENT RIGHTS AND RESPONSIBILITIES: You agree to fully cooperate with the Firm in the administration of the matter. If Your address or phone number changes, please inform LLF as soon as possible. Client agrees seriously to consider any settlement offer that Attorneys recommend before making a decision to accept or reject such offer. You will make yourself available for depositions, settlement conferences, hearings and certain other appearances where your presence is required.  You will make your best effort to assist the Firm's prosecution of Your cases, including but not limited to, producing documents and other requested items pertinent to the prosecution of Your case.

4. ATTORNEY'S RIGHT TO TERMINATE/WITHDRAW: LLF may withdraw and discontinue

any representation of You in its sole and absolute discretion at any time prior to the institution of a lawsuit. In the event that You fail or refuse to cooperate with the Firm to such a degree as to prevent them from rendering effective representation, then LLF shall have the right to demand and receive payment for all unreimbursed fees and expenses. You agree that LLF may withdraw from representing You upon written notice sufficient to enable you to retain new counsel. Without limitation, LLF can withdraw as counsel: 1) if the undersigned decides to cease the practice of law; 2) if evidence discloses that Your claim is without legal merit; 3) if the Firm determines that it does not wish to further prosecute and/or defend Your claims; 4) in the event that You do not provide reasonable cooperation in the prosecution or in the defense of the matter; 5) if You are in material breach of this Agreement; or 6) for any reason authorized by the applicable rules of Professional Conduct.

5. CLIENT'S RIGHT TO TERMINATE: You also understand that You may discharge LLF at any time by sending a writing to LLF. In such event, You will owe LLF all expenses and costs and the greater of: 1) the reasonable hourly rate spent by LLF investigating, enforcing, or prosecuting your claims up to the date of discharge; or 2) 50% of the Contingency Fee that LLF would have earned if there is a future recovery of your claims. LLF retains all rights to collect such fees and costs, including, but not limited to, the right to assert a lien on the case and/or the file.

6. ASSOCIATION OF CO-COUNSEL: You understand that LLF may contract with other attorneys, acceptable to You, for the performance of certain work for the You. The co-counsel fee will be taken out of LLF's Contingency Fee.

7. DISPUTES: In the unlikely event any dispute arising hereunder shall be brought exclusively in the Supreme Court of the State of New York and County of New York, and each party expressly submits to that jurisdiction and venue, except that in the event that a dispute arises between us relating to our fees, You have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request. The waiver by either party of a breach or violation of any provision of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or any other provision hereof.

8. ENTIRE AGREEMENT/SEVERABILITY: This Agreement, and all exhibits hereto, supersedes all previous agreements and constitutes the entire Agreement between You and LLF here forward. This Agreement shall not be modified except by written agreement signed by You and LLF. If any provisions of this Agreement are held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

9. GOVERNING LAW. This Agreement shall be deemed executed in and interpreted in accordance with the law of the State of New York without giving effect to conflicts of law.

10. EFFECTIVE DATE. The effective date of this Agreement shall be the date upon which You execute it.

11. COPY OF AGREEMENT. You acknowledge that You have received a copy of this Agreement.

## SIGNATURE PAGE

LIEBOWITZ LAW FIRM, PLLC

*Richard Liebowitz*                                          02/28/2019

Richard P. Liebowitz, Esq.                                   Date

THE FOREGOING IS AGREED TO:

Client Name:  _____Josiah Kamau_____

Client Company (if any): _____

Address:  ____510 W 150th st apt 6A_____

Phone:  ____4049661899_____

Email:  ____iiphoto@yahoo.com_____

_____[signature]_____                                02/28/2019

Client Signature                                             Date

4